IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BEN ESTER DOCKERY, # 1804207,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-2703-D-BH |
| ) | |
| **DALLAS COUNTY SHERIFF'S DEPT.,** ) | |
| **et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the complaint should be **DISMISSED** as frivolous.

### I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against the Dallas County Sheriff's Department, Parkland Hospital, Sheriff Lupe Valdez, Officer High, and Officer Irvin. He claims he was injured at the Dallas County jail when he slipped and fell in a puddle of water that leaked from a sink and ice maker on July 31, 2012, that he received insufficient medical care for his injury, that the defendants were negligent with regard to the spill. (Am. Compl. at 1, 3-4; Magistrate Judge's Questionnaire Answers[1] (MJQ Ans.) 1, 4, 5).[2] He seeks monetary damages for pain and suffering and early medical release from prison in order to have corrective surgery on his shoulder and to go to school to get a heavy equipment operator's license. (MJQ Ans. 7).

### II. PRELIMINARY SCREENING

When Plaintiff filed his complaint he was an inmate in the Dallas County Jail, and he is

---

[1] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2] It is unclear whether Plaintiff intended to add Officers High and Irvin as defendants. (MJQ, Ans. 4). They are considered to be defendants in an abundance of caution.

currently an inmate in the Texas prison system. He has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III.  NO HABEAS RELIEF

Plaintiff seeks early release from imprisonment. (MJQ Ans. 7). This is an inappropriate remedy in a civil rights action, however. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (applying this rule to *Bivens*, as well as § 1983, actions). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Plaintiff may only obtain declaratory or monetary relief in this action, so he fails to state a

cause of action upon which relief may be granted on his claim for early release.

## IV. SECTION 1983

Plaintiff seeks monetary damages under 42 U.S.C. § 1983. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. **Non-Jural Entity**

Plaintiff sues the Dallas Sheriff's Department. (Am. Compl. at 1; MJQ Ans. 1). A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. A county sheriff's department is not a jural entity subject to suit. *See*, *e.g.*, *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998).[3] The claims against the Dallas County Sheriff's Department should therefore be dismissed.

---

[3] The MJQ specifically advised Plaintiff that the sheriff's department is a non-jural entity and provided Plaintiff an opportunity to amend his complaint to add additional defendants. He chose to add "Parkland Hospital Jail Health" as a defendant. (MJQ Ans 2).

Plaintiff also sues Parkland Hospital Jail Health. To the extent that he is attempting to sue the county jail medical department, it is also a non-jural entity that is not subject to suit. *See Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007). Any claims against the jail medical department should therefore also be dismissed.

**B. <u>Negligence</u>**

Plaintiff appears to name Officer High and Officer Irvin as defendants, alleging that they were negligent because officers had turned in three requests to have the water leak fixed, but it was not fixed until two weeks after he fell. (MJQ Ans. 4, 5). Plaintiff has not alleged that the failure to have the spill cleaned earlier was a purposeful act, and the alleged negligence, even if it caused an unintended injury, did not violate Plaintiff's constitutional rights. *See Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (holding that negligence by state officials does not constitute a due process violation under the Fourteenth Amendment). *Quine v. Livingston*, 2006 WL 1662920, *1 (S.D. Tex. June 12, 2006) (finding that prisoner's claim that officers' failure to place "wet floor" signs around ice machine resulted in his falling and breaking his ankle was a "garden-variety" negligence claim that did not present an issue of constitutional dimension). Plaintiff's claim of negligence against these officers is not actionable under § 1983 and should be dismissed.

**C. <u>No Personal Involvement</u>**

Plaintiff also sues the Sheriff of Dallas County because of the injury he sustained at the jail and the alleged lack of medical care. (Am. Compl. at 1, 2). Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or

4

respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id.* A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff has alleged no personal involvement by the Sheriff with Plaintiff's fall at the jail or his medical care. Even if he had alleged that the Sheriff was personally involved with regard to the fall, as noted earlier, there is no liability under § 1983 for negligent acts. Plaintiff has not alleged a viable claim under § 1983 against the Sheriff, and the claims against her should be dismissed.

**E. Medical Care**

Plaintiff sues Parkland Hospital, the hospital that contracts with the Dallas County jail to provide to medical care to inmates. He asserts that he received an X-ray after the fall, but no pain medication, and that a Parkland doctor he saw four or five days later stated that there seemed to be no problem with his arm and shoulder and did not treat him for his pain. (Amen. Comp. at 3; MJQ Ans. 3). When an inmate seeks to hold a governmental entity liable under § 1983,[4] he must show that the unconstitutional actions of jail officials resulted from a official policy or practice. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978); *see also Neely v. Khurana*, 2009

---

[4] Parkland Hospital System is a political subdivision of the State of Texas. *See* TEX. HEALTH & SAFETY CODE ANN. § 281.001, et. seq. (West 2001).

5

WL 1605649 at *10 (N.D. Tex. June 5, 2009) (applying Monell to civil rights claim against Parkland Hospital); *Kinzie v. Dallas Co. Hospital Dist.*, 239 F.Supp.2d 618, 624 (N.D. Tex. 2003) (same). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents [official] policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir.1995). Isolated incidents, however, are insufficient to show a custom or practice for purposes of § 1983 liability. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir.). A governmental entity cannot be held liable on a *respondeat superior* theory. *Monell*, 436 U.S. at 691.

The hospital cannot be held liable simply because it has a contract to provide medical care to inmates. Plaintiff has failed to even allege an official policy or practice to deprive inmates of their constitutional rights. At most, he has alleged a complaint about the type of medical treatment he received. Mere disagreement with medical treatment is insufficient to state a civil rights claim. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). Parkland Hospital cannot be held liable for alleged civil rights violations under § 1983 in this case, and Plaintiff's claims against it should be dismissed.[5]

## V. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[6]

---

[5]

[6] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

**SIGNED this 13th day of December, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.